BROWN & *al. appellants, versus* HODGDON, *guardian.*

Where a widow waives the provision made for her by her husband's will, and claims dower, she is entitled to the same allowance out of the personal estate as if he had died intestate.

This right is not impaired by the circumstance, that all the personal estate was specifically bequeathed.

If an insane widow waives a provision made for her in her husband's will, and at no lucid interval evinces a disposition to avoid the waiver, and if the waiver is confirmed by her guardian, it cannot be objected that the waiver was inoperative.

APPEAL, from a decree of the Judge of Probate, allowing the widow of the late Paoli Hewes the sum of $500, out of the personal estate.

The following reasons were assigned for the appeal.

1. That the Judge has no authority by law to make the allowance, nor is said widow by law entitled to any allowance out of the personal estate.

2. Because said Paoli, by his will, made ample and proper provision for her support, and charged the same upon ample and sufficient real estate, which said provision she has not

legally waived; because, for a long time before the decease of her said husband, she was, and ever since has been, insane, and wholly incompetent to make such a waiver, or to do any legal act, whatever, and that said provision in said will was made with special reference to that fact.

The provision made in the will was by a charge on certain real estate, that she should be suitably supported during her life.

After the said widow had waived this provision, application was made to the Judge of Probate by the selectmen of the town to which she belonged, to have a guardian appointed, on account of her insanity, and a guardian was appointed, who subsequently claimed dower for her, and presented a petition for an allowance to her out of the personal estate.

Upon that petition, the Judge of Probate decreed that she should have allowed her $500, out of the personal estate. It is from that decree that this appeal is taken.

*White* and *Palmer*, for appellants, to the first point, cited 8 Metc. 424; 3 Metc. 187; 10 Pick. 462; 5 Pick. 528; 14 Pick. 352.

To the second point, they cited 11 Pick. 304; 5 Pick. 431.

*Abbott* and *Howes*, for appellee.

WELLS, J. — The will of Paoli Hewes, was approved in August, 1848. In it he made provision for the support of his widow, but she waived the provision, and within six months from the probate of the will, filed the waiver in writing, in the probate office.

Upon an application to the Judge of Probate, by the guardian, reciting among other allegations, the waiver of her rights under the will, and the claim of dower, an allowance of five hundred dollars was made to her, out of the personal estate of her husband, in such articles as she might choose to that amount, according to the appraisement in the inventory.

The decree of the allowance refers to the petition, which is thereby made a part of it, and is sufficiently formal and accurate.

It is contended by the appellants, that the widow was in-

sane at the time of making the waiver, and had no legal capacity to perform that act. But the contracts of insane persons are not void but voidable. They remain valid and binding, until they are avoided. If the insane person, during lucid intervals, ratifies them, they are then afterwards binding, in the same manner, as if made when perfectly sane. *Allis v. Billings*, 6 Metc. 415.

Nothing has been done by the widow, evincing a disposition to avoid the waiver, nor by the guardian since his appointment. But he is now asking for a confirmation of the decree granting the allowance, seeking a benefit for her, growing out of the waiver. He represents her interests and is acting for her, and she is bound by his legal acts as guardian. By receiving the benefit of the decree, he would adopt and ratify the waiver, and it would be no longer revocable by him, or by his ward.

It therefore becomes unnecessary to decide upon the evidence, whether she was insane at the time of making the waiver.

This court has no power to circumscribe her acts, or to determine whether it was better for her, to receive or reject the provisions made for her in the will. She has a right to avail herself of the election given her by law.

It is also contended, that the testator having disposed of his real and personal property by will, the Judge of Probate had no power to make the allowance.

By statute of 1821, chap. 51, § 39, the Judge of Probate was authorized to make an allowance to the widow out of the personal estate of the husband when he died intestate, whether solvent or insolvent. And he had the same authority, whenever a testate estate should prove insolvent.

But the power was enlarged by the act of March 23, 1835, chap. 180, which provided, " that whenever a widow shall relinquish the provision made for her in the will of her deceased husband, and claim her dower, she shall be entitled to the same allowance out of the personal estate by the Judge of Probate, as if her husband had died intestate.

The substance of these provisions was incorporated into the eighteenth section of chapter 108, R. S. " In the settlement of any intestate estate, or of any insolvent estate, testate, or in which the widow shall have duly waived the provisions, made for her in the will of her husband, and claimed her dower, the widow, besides her apparel and ornaments, shall be entitled," &c.

The widow, in the present case, has the same right to an allowance, as if her husband had died intestate. *Crane* v. *Crane*, 17 Pick. 422.

That part of the fifteenth section of chap. 93 of the Revised Statutes, which relates to the rejection of the provision made for her in her husband's will, was not intended to be operative in creating the power to make the allowance, for that was given by the eighteenth section before mentioned, of chap. 108.

The object and purpose of the fifteenth section of chap. 93, was to provide for the distribution of personal property, not disposed of by will, after all claims upon it had been satisfied. Its provisions relate principally to intestate estates, corresponding to those contained in stat. 1821, chap. 38, § 19. But the Legislature having provided for a waiver of the provisions in a will in favor of the widow, might suppose that she would sometimes waive personal property, which would not be disposed of by will, in consequence of such waiver, and therefore it should be disposed of in the same manner, as if her husband had died intestate.

If there is property in the hands of the executor or administrator, not needed for debts or expenses, and not disposed of by will, then it must be distributed according to the provisions of chapter ninety-three. R. S. chap. 108, § 22.

But whatever the intention might have been, the provision in § 15, chap. 93, does not impair the force and effect of the eighteenth section of chap. 108 ; it recognizes the right of the widow to the allowance, when she has made a waiver of what is given to her in the will.

The statute having provided for the allowance, the Judge

of Probate has the power to grant it, notwithstanding all the personal property may have been specifically or generally bequeathed. It has a priority over all other claims, except those arising from the expenses of the funeral and of administration, and may be taken out of any of the personal property. If the rights of legatees are disturbed, they must adjust them among themselves. Unless such power existed, in cases where the personal property was specifically or generally bequeathed, and the widow waived the provisions made for her in the will, there would be no way of supplying her immediate necessities out of her husband's property, although he might have left a large estate. It might be some time before she could realize any thing from her dower, and in the mean time would be compelled to subsist on charity.

Where there is sufficient personal property, not bequeathed, and not wanted for the payment of debts and expenses of administration, it would be reasonable and proper, that the allowance should be taken out of that, and full effect given to the will of the testator, whenever it can be so done.

A disposition is made of all the personal property to other persons than the widow, by specific and general bequests, the latter being made subject to the debts and expenses. And so far as we can judge, a portion of the property given specifically will be required to meet the allowance.

The decree, for the amount allowed, cannot be carried into effect in any mode, without interfering with the legacies. It is not perceived, therefore, that the election given to her by the decree is unreasonable.

It is further objected, that the allowance is too large, under the circumstances in which the property is placed by the will.

The widow is entitled, besides her apparel and ornaments, to so much of the personal estate, as the Judge shall determine to be necessary, according to the degree and estate of her husband, regard being had to the state of the family under her care.

The widow has no children dependent on her for support.

The real estate is inventoried at the sum of two thousand dollars, and the personal estate at the sum of twelve hundred and thirty-four dollars. No exhibit is made of the amount of debts, but the executor, in a petition for a license to sell real estate, represents that the personal property, not specifically devised, is insufficient to pay the debts and charges, by the sum of seven hundred dollars, and the license was given by the probate court. The testator was a packet-master, sailing between Belfast and Eastport, but discontinued the business several years before his death. It is manifest, that the amount of dower, which the widow will receive, though it does not appear, that she has yet obtained any thing from it, will be inadequate to her support. She is about eighty years of age, and quite feeble, and incapable of taking care of herself. And if still insane, the infirmities of age and sickness are aggravated by the disorder of her mind.

In the case of *Washburn* v. *Washburn*, 10 Pick. 374, an allowance was made, more liberal than that granted in this case.

The statute does not define or limit the length of time in which she shall be supported by the allowance, whether it shall be a temporary or permanent relief. It is to be according to the degree and estate of the husband, that is, according to the style and mode of living to which she had been accustomed during coverture, and the condition of the estate. Each case must depend very much upon its own circumstances, no inflexible rule can be applied to the subject.

Where the wife, by her industry and prudence, has contributed to the acquisition of the estate, and there is sufficient property to pay all the debts and to support her, and she is old, sick and insane, a larger allowance should be granted than would be justifiable, if the facts where otherwise. It is apparent from the will, that the husband intended she should have a support out of the property during her life, but she did not like the mode in which it was provided. Whether she has acted wisely or not, in making the waiver, she has exercised the right, which the law has given to her. And taking

into the estimate the small amount, which she will probably receive from her dower, we do not think the sum allowed, is too large.

The decree of the probate court is affirmed, and the case remitted to that court for further proceedings.