THE HEIRS OF GEORGE F. SAWYER, *aplts. v.* MARY H. SAWYER.

*Widows maintenance during settlement of her deceased husband's estate.*

The statutory provision for the maintenance of the widow of a deceased person during the settlement of his estate, has a general application; and the probate court have a discretion only as to the amount of the allowance, and cannot refuse it altogether where the widow has other abundant means of maintenance.

Heirs of Sawyer *v.* Sawyer.

A widow is entitled to an allowance for such maintenance, though there be no children.

The statute does not require such allowance to be made in advance of the expenditure.

The amount of the allowance is a matter resting in the discretion of the probate court, or of the county court upon an appeal; and is not ordinarily subject to revision, upon exceptions, in the supreme court.

APPEAL from a decree of the probate court allowing the appellee $ 500 for her maintenance during the settlement of the estate of her late husband, George F. Sawyer.

It appeared that the deceased died intestate in June, 1852, leaving the appellee, his widow, and leaving no children ; and that he was, at the time of his decease, a purser in the United States navy, in which capacity he had served for fifteen or twenty years previous to his death.

Letters of administration were granted to the appellee in August, 1852 ; and the settlement of the estate was duly proceeded with, and the decree appealed from was made at about the time of the settlement, by the appellee, of her account as administratrix.

The intestate died leaving an estate of about eighteen or twenty thousand dollars, consisting of a lot and dwelling-house in Burlington, worth about two thousand dollars, and the residue in money and stocks, principally money, and leaving no debts due from him except for a trifling amount.

It did not appear that the widow had any property except what she was entitled to by law out of her husband's estate, except that, since the death of her husband, she had been in the receipt of a pension, from the government of the United States, of $ 240 per year, allowed her as widow of an United States naval officer, commencing at his death and to continue for five years.

It appeared that since the death of the intestate, the appellee had resided in the family of her father in St. Albans, but without any agreement as to the terms on which she was so to reside, and without anything being said as to her paying for her board 'until about the time of her petition for an allowance for support, when she told her father she expected to, and would pay him for her board for the time she had lived, and should live with him.

It was conceded that the appellee's father was a man of wealth,

and that he as well as his daughter, (the appellee,) had been accus-tomed to live in the style of, and associate with the first circles in society.

The appellants, being the brother and sister, and heirs of the intestate, insisted that the widow was not, by law, entitled to any allowance for support; and that, if she was entitled to anything, the allowance by the probate court was too large.

The county court, June Term, 1855,—PECK, J., presiding,— affirmed the decree of the probate court with costs.

Exceptions by the appellants.

*A. O. Aldis* and *H. R. Beardsley* for the appellants.

*G. F. Houghton* and *B. H. Smalley* for the appellee.

The opinion of the court was delivered, at the circuit session in September, by

REDFIELD, CH. J.    This is an appeal from the court of probate in the matter of allowing maintenance to the widow of the intestate during the settlement of the estate; and comes into this court upon exceptions to the decision of the county court, affirming the decree of the court of probate.

The statute, upon the subject of this allowance, is very specific and unlimited. It is " the widow and children, constituting the "family of the deceased, *shall have such reasonable allowance* out of " the personal estate, as the probate court shall judge necessary for " their maintenance during the progress of the settlement of the " estate, according to their circumstances."

Here, it is obvious, no discretion is given the probate court to disallow such maintenance, in any case, unless upon the interpretation of the word reasonable, or as the court shall judge necessary. And it would certainly be a very unusual interpretation to put upon such terms, in their connection here, to say they were intended to regulate the discretion of the court in what cases to allow such maintenance, when, from their relation to other members of the sentence, it is obvious that the only question intended to be referred to the court, under the terms, was the amount of the allowance, according to the circumstances of the family.    We can only

determine the purpose and intent of a statute by the words used, and the connection, and the subject matter. From all these it is very obvious the statute was intended to have a general application.

The exceptions claimed in the present case are, first on the ground of the pension which the widow obtained, as such, upon the decease of her husband. This is not different, in principle, from her being possessed of ability to maintain herself in any other mode, so as not to require assistance from the estate. And indeed the general ability of the appellee, or the widow in this case, from her living with her father, and the wealth of the family, and the very great improbability of his making any personal claim against his daughter for her board, was also alluded to in the argument, and is stated in the case, and seems to us to come fairly under consideration, in the same connection. But we are not prepared to say that any such exception can fairly be engrafted upon the statute, If it had been the purpose of the legislature to allow maintenance only in the case of such widow and children as were without the means of subsistence, in any other mode, it is difficult to conjecture how it occurred that the provision should have been expressed in the general and unlimited manner it here is. It is incomprehensible that, if the provision were intended only for the indigent and necessitous, it should have been made general. It is, at all events. sufficient for us that, the provision being general, it must be allowed to have a general application.

II. Some question was made in the argument, whether the statute did not require the allowance to be made by the court in advance of the expenditure. We do not think that indispensable, or that in practice it is generally done, or that, in the majority of cases, it would be the desirable mode of accomplishing the thing. It is probable, in practice, that the administrator would make the expenditure, as the necessity occurred, and have such sum allowed, in the settlement of his account, as the court deemed reasonable; and this seems to us the fair exposition of the statute.

III A question is made, whether, there being no children, the widow is entitled to such allowance. This would certainly be adopting the most literal construction of the statute; and, in pursuance of the same line of argument, it might almost be inferred, perhaps, that

as the statute makes the provision only for the widow and *children* of the deceased, the provision should not extend to a single *child*. But no such literal interpretation can be allowed in such cases, for we have an exposition of the extent of the provision, in the very next clause of the sentence, " constituting the family of the deceased." If he leave a widow and child, or children, or either, or all, he, or she, or they constitute the family of the deceased, within the purview of the statute. Any other interpretation would savor of a degree of refinement which could not fail to do injustice in its general application, however it might affect particular cases, or a single case. And the analogous provision in the 48th chapter, § 29, in regard to the settlement of testate estates, provides in terms, for both widow and children, *or either*. " And the probate court may make such reasonable allowance as may be judged necessary for expenses of the maintenance of the widow and minor children, or either, constituting the family of the testator," &c. Unless, then, we are prepared to make a difference in the application of this provision to testate and intestate estates, which we think no one can claim, the statute is perfectly specific upon this point.

In regard to the amount of the allowance, that is a matter resting altogether in the discretion of the probate court, or of the county court upon appeal; and not ordinarily subject to revision, in this court, upon exceptions, the case coming here only, as upon a writ of error. Judgment affirmed.