[No. 15345.   Department Two.—December 30, 1893.]

IN THE MATTER OF THE ESTATE OF CHARLES LUX, DECEASED.

ESTATES OF DECEASED PERSONS—FAMILY ALLOWANCE—PAYMENTS BY EXECUTOR WITHOUT ORDER OF COURT—REASONABLE CREDIT UPON SETTLEMENT.—In the matter of paying a family allowance, an executor or administrator is not required to wait for an order of court, but may make the necessary expenditures as exigencies occur, and the court should allow him credit for payment of such sums as may be reasonable in the settlement of his accounts.

ID.—RETROACTIVE ORDER—CREDIT FOR AMOUNT ALLOWED—TIME OF PAYMENT IMMATERIAL.—Where the executors of an estate of a decedent without an order of court paid to the widow of the decedent a large sum of money as a family allowance, and thereafter, and after the filing of the accounts of the executors, the court made an order for a family allowance to the widow for the same period of time, the executors are entitled to a credit in their statement of accounts for the amount so fixed by the court, where it appears that the amount paid by them was far in excess of that allowed by the court, and the fact that the order made the allowance payable within twenty days after its date does not affect the right of the executors to a present credit.

APPEAL from an order of the Superior Court of San Mateo County, settling an executor's accounts.

The facts are stated in the opinion of the court.

*Garber, Boalt & Bishop*, for Appellant.

*J. H. Campbell*, and *D. M. Delmas*, for Respondents.

DE HAVEN, J.—This is an appeal by the executors of the estate of Charles Lux, deceased, from an order settling the first and second accounts filed by them in the course of the administration of the estate.

Many of the questions arising upon this appeal were involved in the Estate of Lux, No. 15346, *ante*, p. 593, recently decided by this court, and were passed upon in the opinion in that case. It was there held that the family allowance fixed by the order of May 4, 1887, terminated upon the return of the inventory of the estate, and that the finding of the superior court that such inventory was returned on August 30, 1888, was sustained by the evidence. As these questions were there presented upon substantially the same record as the one before us, the decision in that case is decisive of the same matters presented on this appeal.

The only question requiring discussion at this time relates to the refusal of the court to allow the executors any credit whatever for the sum of ninety-seven thousand five hundred dollars, paid by them to the widow as a family allowance, between August 30, 1888, and November 16, 1891. At the time this money was paid there was no order of the court authorizing the executors to make such payments; but afterwards, on March 25, 1892, and before the date of the order settling the accounts, the court made an order for a family allowance to the widow, in which the court "ordered and decreed that an allowance of one thousand dollars per month, from the thirtieth day of August, 1888, until the fifteenth day of November, 1891, making altogether the aggregate sum of thirty-nine thousand dollars, be paid within twenty days by the executors of Charles Lux, deceased, to said Miranda W. Lux."

This order was a determination by the court that the

widow was entitled to a family allowance of one thousand dollars per month for the period therein named, and the executors, having paid the same, were entitled to a credit in the statement of their accounts for the amount thus fixed by the court as a reasonable and proper sum to be paid to the surviving widow for that purpose. The fact that the order made such allowance payable within twenty days after its date does not affect the right of the executors to a present credit, as it was shown that an amount far in excess of that allowed by the order had already been paid by them to the widow as a family allowance for the period of time covered by the order; and the fact that such payments were made without a previous order of the court does not deprive the executors of the right to a credit therefor, to the extent that the court found such advances were reasonable and proper.

In the matter of paying a family allowance, " the administrator is not required to wait for an order of court, but may make the necessary expenditures as the exigencies occur, and the court will allow such sums as may be reasonable in the settlement." (1 Woerner on the American Law of Administration, sec. 92; *Sawyer* v. *Sawyer*, 28 Vt. 248; *Simmons* v. *Byrd*, 49 Ga. 288.)

It follows that the court erred in refusing to credit the executors with that portion of the advances made by them to the widow on account of the family allowance, which the court found to be reasonable and proper for that purpose.

Order reversed.

Fitzgerald, J., and McFarland, J., concurred.

Hearing in Bank denied.