### In re FOREMAN'S ESTATE.

No. 6499—Opinion Filed April 11, 1916.
Rehearing Denied May 2, 1916.
(157 Pac. 279.)

**Executors and Administrators—Administration of Estate—Allowance to Widow.**
Where there is a lawful order, making a monthly allowance to a widow, standing unchanged and unmodified, the administrator of the estate, in the absence of insolvency or fraudulent delay in closing the estate, cannot rightfully refuse to pay such allowance.

(Syllabus by Burford, C.)

Error from District Court, Craig County; O. L. Rider, Special Judge.

R. V. McSpadden, as administrator of the estate of A. W. Foreman, deceased, filed his final report in the county court of Craig county. Margaret E. Foreman, widow of A. W. Foreman, filed exceptions thereto. The exceptions were overruled, and the widow appealed to the district court, where the exceptions were sustained, and the administrator appeals. Affirmed.

Guy Patten, for appellant.

Wm. P. Thompson, for appellee.

Opinion by BURFORD, C. The county court of Craig county made an allowance to Margaret E. Foreman, widow of A. W. Foreman, deceased, for the support of herself and minor children. The administrator paid the allowance for a time, and then ceased to pay upon the ground that he had distributed to the widow and children practically all that they would receive from the estate. He filed his final report asking a distribution without reference to the amount unpaid upon the widow's allowance. She excepted thereto, and after hearings in the county and district courts the question raised by such exceptions is before us for decision.

We find no difficulty in affirming the judgment of the district court sustaining the exceptions by the widow. The order for the widow's allowance was never modified or set aside. The administrator is no person to set himself up to determine whether or not said order was proper, or whether or not

he will obey it. It is true that some courts have said that, inasmuch as the statute places a limit of one year upon the allowance in cases of insolvent estates, the order making the allowance, if in general terms, will be construed to be limited in duration by the terms of the statute, and have also said that where the administrator purposely delays the administration of the estate in order to exhaust it by payment of the allowance, the words of the statute "during the progress of the administration of the estate" will be construed to mean during the time reasonably necessary for the administration of the estate, and will likewise be held to be a statutory limitation upon the duration of the order (In re Dougherty's Estate, 34 Mont. 336. 86 Pac. 38; State ex rel. v. Superior Court, 48 Wash. 141, 92 Pac. 942), but nothing of that sort is here involved. The estate is solvent; the widow is not the administrator, the delay in closing is because of complications in relation to real estate which has been sold. The widow's allowance is a right which, in proper cases, it is mandatory upon the court to recognize (In re Pugleys' Estate, 27 Utah, 489, 76 Pac. 560), and the allowance is to be made even though the widow have property of her own ample to support her, and irrespective of a partial distribution (In re Lux Estate, 100 Cal. 606, 35 Pac. 345; In re Welch's Estate, 106 Cal. 427, 39 Pac. 805; Estate of Bump, 152 Cal. 274, 92 Pac. 643; Griesemer v. Boyer, 13 Wash. 171, 43 Pac. 17). The order making the allowance is final, unless appealed from, and cannot be collaterally attacked upon settlement of an administrator's account. Thompson v. Staacke, 131 Cal. 1, 63 Pac. 81, 668; In re Welch's Estate, supra; Estate of Nolan, 145 Cal. 559, 79 Pac. 428. The consideration that there has been a partial distribution might have been ground for appealing to the county court to in its discretion modify the order making the allowance (In re Montgomery, 60 Cal. 648; In re Luther's Estate, 67 Cal. 319, 7 Pac. 708; Roberts v. McKimmon, 67 Cal. 349, 7 Pac.

733; Griesemer v. Boyer, 13 Wash. 171, 43 Pac. 17; In re Freud's Estate, 131 Cal. 667, 63 Pac. 1080, 82 Am. St. Rep. 407; 18 Cyc. 104, 105), but it obviously could not justify the administrator in refusing to obey that order which he did not seek to have modified, and which. so far as this record shows, is still in full force and effect. Neither was there any authority in the county court, upon a settlement of the administrator's account, to utterly disregard its own valid order. In so far as In re Walkerley's Estate, 77 Cal. 642, 20 Pac. 150, conflicts with the views above expressed, it appears to have been modified by the decisions cited. Judgment affirmed.

By the Court: It is so ordered.