ESTATE OF DUSTERHOFT: THURWACHTER, Administrator, and another, Appellants, vs. CITY OF WAUKESHA, Claimant, Respondent.

*April 6—May 3, 1955.*

For the appellants there was a brief and oral argument by *Austin J. Baird,* guardian *ad litem,* and *Raleigh H. Thurwachter,* both of Waukesha.

For the respondent there was a brief and oral argument by *William G. Callow,* city attorney, and *George E. Lawler,* special counsel.

FAIRCHILD, C. J.   The doctrine of equitable conversion by will contended for by appellant cannot be sustained in this case for lack of definiteness of intent of the testator indicating that the real estate was converted into personalty at the time of her death.  In *Ford v. Ford,* 70 Wis. 19, 48, 33 N. W. 188, some of principles and facts upon which the doctrine of equitable conversion are based have been set out from two New York cases:

" 'To constitute a conversion of real estate into personal, in the absence of an actual sale, it must be made the duty of, and obligatory upon, the trustees to sell it *in any event.*  Such conversion rests upon the principle that equity considers that as done which ought to have been done.  A mere discretion-

ary power of selling produces no such result.' [*White v. Howard,* 46 N. Y. 144, 162.] . . .

" '. . . where the general scheme of the will requires a conversion, the power of sale, although not in terms imperative, operates as a conversion; and this will be deemed to be immediate, although the donee of the power is vested, for the benefit of the estate, with a discretion as to the time of sale. *Lent v. Howard,* 89 N. Y. 169.' "

These principles have been restated in two more recent cases. In *Estate of Bisbee,* 177 Wis. 77, 80, 187 N. W. 653, this court held:

"Equity regards that as done which is clearly intended to be done, or which is contracted to be done, but not that which only may be done."

And in *Will of Schilling,* 205 Wis. 259, 275, 237 N. W. 122, this court referred to *Becker v. Chester,* 115 Wis. 90, 117, 91 N. W. 87, 91 N. W. 650, where it was said:

" 'A mere optional or discretionary purpose to convert— that is, discretionary authority as to whether to convert or not—is not sufficient. There must be a mandatory direction, express or implied, to convert; but the time of the execution of the purpose may be left discretionary.' "

In the present case, the provision of the will which empowers the executor "to sell, mortgage, transfer, or to do any and every other act which would be for the beneficial interests of my children" is not such a direction by the testator, either express or implied, as to show her intention that a conversion was unequivocally to take place. It was not obligatory upon the executor here to convert the real estate into personalty. He merely had the power to sell if he deemed a sale beneficial to the children of the testator, but the proceeds of such sale remained realty. The fact that the value of the homestead was considered by appellants as realty is evidenced by their claim to an exemption under the Homestead Exemption Law.

However, under sec. 313.15 (4), Stats., as now existing, the distribution prayed for is within the court's authority. That statute is clear and unambiguous. The legislature, in 1949, purposefully changed the language of sub. (4) with regard to allowances for widows and minor children. Ch. 210, Laws of 1949, became the law when Bill No. 350, S., was adopted. The bill as passed was in the following form:

"To amend 313.15 (4) (a) of the statutes, relating to allowances to widows and children from estates of deceased persons. . . .

"313.15 (4) (a) of the statutes is amended to read:

"313.15 (4) (a) ~~Whenever it appears by the inventory of an estate that the value of the personalty thereof~~ *If the total value of an estate* exceeds the dispositions made therefrom under the preceding ~~subdivisions of this section~~ *subsections* the county court may, in its discretion, ~~after first providing for the payment therefrom of the funeral charges and expenses of administration~~ assign from the residue of such ~~personal~~ estate a sum or value not exceeding ~~one thousand dollars~~ *$2,000* for the use and support of the widow and minor children of the deceased; and if there be no widow, for the support of the minor children in such proportion as the judge may determine."

The legislative history of sec. 313.15 (4), Stats., shows that it derives from sec. 1, sub. (4) of ch. 68, "Of the Administration and Distribution of the Estates of Intestates," of R. S. 1849. In 1898 it was renumbered sec. 3935 (4), and in 1925 was renumbered sec. 318.01 (4) of the chapter on "Allowances and Distribution and Partition of Estates of Deceased Persons." In 1929 sec. 318.01 (1) to (5) was moved to the chapter on "Proof and Payment of Debts and Legacies," becoming sec. 313.15(1) to (5), and constitutes the exemption statutes of that section. The context of the section has been frequently modified, but the titles appear to have been carried unchanged, at least since 1919. However, sec. 370.001 (6) provides that "the titles to subchapters, sections, subsections, and paragraphs of the statutes are not

part of the statutes." In this connection, it may be noted that the title to sub. (4) reads and has read since 1919: "Allowances for Funeral Expenses and to Widow and Children." Yet the 1949 amendment has clearly deleted the previous provision for payment of funeral expenses out of the allowance provided under that subsection.

A review of its history shows that the law has undergone many changes, and that the tendency of the legislature has continuously been to liberalize the provisions for relief for a widow and minor children. In R. S. 1849, allowance under sub. (4) could be granted only if the value of the whole personal property did not exceed $150. In 1898 the legislature amended the statute so that allowances under sub. (4) could be made where the value of the personalty in addition to the allowances under the preceding subsections amounted to only $150. This figure was changed in 1909 to $500, and again in 1913 was raised to $1,000. The early statutes applied only to intestate estates, and there were time limitations. In 1919 the language of the statute was amended in order that the benefits under sub. (4) should no longer be limited to a widow and minor children whose personal estate was equal to or under a specified sum in addition to allowances under previous subsections. The benefits were extended, within the discretion of the courts, to every widow and minor child if there was *any* personalty remaining after the dispositions made under subs. (1), (2), and (3). In harmony with its past policy, the legislature, in 1949, again raised the sum allowable to a widow and minor children from personalty after dispositions made under subs. (1), (2), and (3) to $2,000. If, in addition to raising the sum allowable, it also broadened the source from which that sum might be drawn, our legislature has merely followed its progressive trend to provide more liberally for the care of a widow and minor children who may have become deprived by death of their accustomed means of support. The legis-

lature intended to liberalize the statute. The fact that the provision, requiring funeral and administration expenses to be paid out of the allowances of sub. (4), was withdrawn by the 1949 legislature further demonstrates the legislature's intention in a more liberal direction.

In sub. (2) of sec. 313.15, Stats., the legislature had made a fundamental departure from all preceding forms of that subsection by making possible allowances from real estate as well as personalty. Respondents do not question the change there. Allowances may be made under that subsection from "the personal estate or the real estate, *or both.*" There is no reason to suppose that a similar departure was not intended by the legislature in its amendment of sub. (4). The two amendments were made at the same time and correspond to each other. The legislature would have accomplished nothing by amending the language "the value of the personalty" to read "the total value of the estate" if it had meant the latter to mean "the total value of the *personal* estate." Even more persuasive of the fact that the considered intention of the legislature was to abolish the restriction to personal property is the fact that where sub. (4), previous to the amendment, read: "the county court may . . . assign from the residue of such *personal* estate," the legislature, in its 1949 amendment, definitely deleted the word "personal" before the word "estate." Therefore, referring back, the term "total value of an estate" clearly is not restricted to the personal estate. If, as respondent concedes, sub. (2) is not governed by the title and introductory sentence, then neither do they influence sub. (4) as against the plain wording of that subsection. ". . . —the title may not be used as a means of creating an ambiguity when the body of the act itself is clear." 2 Sutherland, Statutory Construction (3d ed.), p. 344, sec. 4802.

The 1949 amendment is and was meant to be a substantial change in the statute to relieve hardship cases and equalize

relief where the estate is in the form of realty or partially so. "Such statutes, like homestead and exemption laws, are enacted because of a benevolent and humane consideration of the helpless condition and distress of families occasioned by the death of those who had furnished their support and protection, and they must be construed with the same spirit of liberality that prompted their enactment. By the enactment of such laws the legislature, under a wise public policy, seeks to guard and protect the family, which constitutes the foundation of the state itself, during the trying period of affliction and need caused by the death of the one who directed the family affairs." *Estate of Pugsley,* 27 Utah, 489, 492, 76 Pac. 560.

Even though minor children have an independent income, as they do in the present case, still a situation may exist in which the county court may be applied to for further assistance. The question of whether or not any further allowance should be made is not before us. We are simply holding that under sec. 313.15 (4), Stats., the county court may, in its discretion, grant an additional, but limited, allowance to the minor children of Regina Dusterhoft out of the proceeds of the realty now in the hands of the administrator.

*By the Court.*—The part of the order appealed from is reversed, and cause remanded for further proceedings in accordance with this opinion.

BROADFOOT, J. (*dissenting in part*). I agree with the majority of the court that the doctrine of equitable conversion cannot be sustained in this case.

I cannot, however, agree that the order appealed from should be reversed. In my opinion the trial court reached the proper result in view of the fact that we are dealing with an insolvent estate. The purpose of sec. 313.15, Stats., is to provide allowances for minor children where necessary for their support and maintenance until their shares of the estate

are made available to them. In cases of necessity the provisions of the statute are properly invoked even at the expense of creditors. Allowances were made to the minors under subs. (2) and (3). In addition to the fact that no necessity was shown, the record discloses that at the time of the death of Mrs. Dusterhoft the minor children were receiving an allowance from the Veterans Administration, because their father was a veteran. There is also reference in the record to a bank account and the proceeds of a life insurance policy, not assets of the estate, that were available to the children. Their shares of the first $5,000 of the proceeds of the sale of the homestead were also available.

Where the order of the trial court results in a fair determination of the issue, I think the litigation should be ended as soon as possible without other proceedings that will only deplete the estate further. This is true even though the majority opinion states that the trial court gave the wrong reason for its decision. I cannot believe that the trial court would, in the exercise of its discretion, award further allowances to the minors at the expense of creditors, upon the record before us. Therefore, I think we should affirm the order.