In the Matter of the ESTATE of G. T. BLANKENSHIP, Deceased.

Eudeana Blankenship NEWCOMB, Individually and as Heir at Law and Legatee and Devisee under the Last Will and Testament of G. T. Blankenship, Deceased, and Howard B. Newcomb, Trustee for Eudeana B. Newcomb, Appellants,

v.

G. T. BLANKENSHIP, Jr., Executor of the Estate of Daisy D. Blankenship, Deceased, Executrix of the Estate of G. T. Blankenship, Deceased, Appellee.

No. 49820.

Court of Appeals of Oklahoma, Division No. 1.

Oct. 4, 1977.

Released for Publication by Order of Court of Appeals Oct. 27, 1977.

Smith, Smith & Vaughan by Gomer Smith, Jr., Oklahoma City, for appellants.

Thompson, Nance & Selph by Harry H. Selph, II, Lee B. Thompson, Oklahoma City, for appellee.

ROMANG, Judge:

This case was commenced in 1946 in the County Court of Oklahoma County, Oklahoma, to probate the Last Will and Testament of G. T. Blankenship who died on October 7, 1946 as a resident of Oklahoma County, Oklahoma. His heirs, devisees and legatees were his widow, Daisy D. Blankenship, and two children, G. T. Blankenship, Jr., and Eudeana Blankenship Newcomb.

Daisy D. Blankenship was appointed executrix as provided by the Will, and she served in that capacity throughout the probate in the County Court. The estate included real properties and producing oil and gas leases. Three of the leases were in Texas and Mr. Blankenship owned them in partnership with former Governor Trapp.

The issues on this appeal relate to the widow's allowance and the three oil and gas properties located in the State of Texas which were devised in trust to the children.

The Final Report and Petition for Distribution and Discharge, which is 48 pages in length, was filed on June 7, 1954. The daughter and her husband, as her trustee, hereinafter referred to as objectors, filed Exceptions to Final Report. Hearings were held and briefs were submitted, after which the Honorable C. J. Blinn, Judge of the County Court of Oklahoma, who heard this case throughout the entire probate proceedings, entered a four-page letter decision on February 11, 1957, approving the Final Report after making certain adjustments. The objectors filed Notice of Appeal to the District Court on February 21, 1957. Thereafter, on April 23, 1957, a Final Decree of over 24 pages in length was filed.

No action was taken on the appeal to the District Court until in 1975, when G. T. Blankenship, Jr., as Conservator of the Es-

tate of Daisy D. Blankenship, a disabled person, attempted to have it dismissed for want of prosecution and laches. A hearing was held in the District Court before the Honorable David M. Cook on October 20, 1975, during which counsel for objectors agreed that the hearing would be limited to questions of law. Thereafter, briefs were submitted. On May 14, 1976, Judge Cook entered an Order and Judgment wherein the exceptions of the objectors were overruled and denied, and the Order Approving Final Account, Determination of Heirship and Decree of Distribution entered by Judge C. J. Blinn on February 11, 1957, was affirmed in all respects. The objectors have appealed from that Order and Judgment.

On January 3, 1977, Daisy D. Blankenship died. On February 10, 1977, G. T. Blankenship, Jr., Executor of the Estate of Daisy D. Blankenship, deceased, was substituted as the appellee in this appeal.

Objectors present as their first proposition of error, the following:

1. Error of the court in allowing and ordering widow's allowance for more than 90 days.

In the County Court on October 26, 1946, Judge Blinn had ordered the widow's allowance to be effective "during the administration of [the] estate." In this connection, the Final Decree contains the following:

In October, 1946, an order was made allowing her as surviving widow of said deceased a widow's allowance of $750.00 per month. Effective August 1, 1952, this allowance was reduced to $450.00 a month and extended through January, 1954. As of February 11, 1957, there was due and unpaid on said allowance the sum of $8,100.00, no part of which has been paid, and she is hereby authorized to pay said balance out of any available funds on hand.

In *Crane v. Howard*, 206 Okl. 447, 244 P.2d 559 (1952), the opinion reads:

As above noted, the order for widow's allowance to Birdie Crane was for a sum certain per month "until said estate is closed."

The statute authorizing the making of such an allowance provides:

" * * * the court may in its discretion make such reasonable allowance out of the estate as shall be necessary for the maintenance of the family, according to their circumstances during the progress of the settlement of the estate * * *," 58 O.S.1951, § 314.

In *Salter v. Continental Casualty Co.,* 194 Okl. 26, 146 P.2d 824, it was held:

"An order for a widow's allowance is a final order that stands until it expires by its own terms, or if not limited, until vacated upon proper proceedings, unless it is apparent from the administration proceedings that the estate is insolvent at the time the order is made, in which case it is limited to one year by 58 O.S.1941, § 314."

■ Here, the estate was solvent, so the one year limitation did not apply. We hold that it was proper for the widow's allowance to be paid for the duration of the probate.

The objectors present as their second proposition the following:

2. Error of the court in holding that the widow's allowance, even if properly allowed in Oklahoma was enforcible against lands of the decedent in another state.

Objectors assert as follows:

It is our contention that the law of the State of Texas is applicable to and controls the Texas oil properties included in the trust for decedent's children created under the Will. These properties in Texas under the Texas law constitute real estate, and the oil runs and the proceeds thereof are a part of the corpus of the trust and are controlled under the law applicable to real estate, and for such purpose are recognized as real estate.

\* \* \* \* \* \*

There can be no question that under the Law of Texas a family allowance cannot be paid in excess of one (1) year, and no such allowance shall be made to a

widow when she has adequate separate property for her maintenance.

■ The asserted law of Texas is not the law of Oklahoma, which governs in this Oklahoma probate. *In re Foreman's Estate*, 59 Okl. 1, 157 P. 279 (1916), the opinion reads:

The estate is solvent; . . . The widow's allowance is a right which, in proper cases, it is mandatory upon the court to recognize, (Citation omitted) and the allowance is to be made even though the widow have property of her own ample to support her, and irrespective of a partial distribution. (Citations omitted) The order making the allowance is final, unless appealed from, and cannot be collaterally attacked upon settlement of an administrator's account.

And in *Crane v. Howard, supra*, the court said:

It is well settled that an order for a widow's allowance is a final order, unless appealed from, and cannot be collaterally attacked upon settlement of an administrator or executor's account. *In re Foreman's Estate*, 59 Okl. 1, 157 P. 279.

■ Here, the objectors failed to appeal the order for the widow's allowance, so they cannot attack it by filing exceptions to the Final Account and then appeal an adverse ruling.

The third assignment of error is the following:

3. Error of the court in failing to hold as a matter of law that Texas law governed rights in Texas property owned by decedent; and in failing to hold that under Texas law, a widow electing to take under a will waives her right to a widow's allowance; and that therefore, regardless of Oklahoma law, a widow electing to take under a will should not collect a widow's allowance from Texas properties or proceeds therefrom.

In this connection the Will reads:

I hereby direct that all of my just debts, including . . . the expenses of administration . . . and all Federal and State inheritance . . . taxes . . . be paid out of cash, stocks or bonds which I own at the time of my death. Provided such personal property is insufficient, my executrix shall borrow sufficient additional funds . . .; and two-thirds . . . shall be secured by a mortgage equally upon the properties devised in trust for . . . my two children . . ., it being my intent that the separate trust for each . . ., shall bear one-third of the amount so borrowed. Provided further that the loans secured by mortgages upon the properties devised in trust . . ., shall be arranged so that they may be paid off out of the income from such properties.

■ The objectors contend that the use of income from the properties devised in trust, constitute an invasion of the trust corpus under Texas law. Even so, such use was expressly directed by the clear and explicit terms of the Will as above set forth. Although it may have been impossible to mortgage the properties devised in trust because the mortgage payments would be limited to the income from such properties, that fact alone would not excuse the payment of two-thirds of the estate debts and obligations, over and above the personal property fund, with income from the trust properties.

In the letter decision of February 11, 1957, Judge Blinn held:

Said will clearly shows that the testator intended to make the three heirs (and beneficiaries) liable for all such items equally and to subject their interests to such items in equal amounts. It would seem that the Protestant is liable for her share from whatever source paid.

\* \* \* \* \* \*

It is contended that the items to be paid mentioned in the will did not include the family allowance, but we hold that the family allowance is in the nature of cost of administration, or, in any event, a statutory charge against the estate.

This court is in accord with the above finding and holding by the County Court.

■ Objectors present as their fourth proposition, the following:

4. The court erred in denying appellants contention that the executrix should be surcharged with a minimum of one-third (⅓) of all expenditures (in excess of cash stocks, and bonds included in the estate) made during probate.

Objectors assert that the executrix expended approximately $143,000.00 of income from the Texas oil properties left in trust for the children.

The Final Decree shows income to the estate during administration of $380,626.45, and disbursements of $410,684.03. The County Court surcharged $19,815.20. The cash, stocks and bonds belonging to the testator at time of death amounted to $79,-162.85. The widow's allowance totaled $52,-200.00. When these three sums are subtracted from the total of disbursements, the balance of approved disbursements is $259,-505.98. Two-thirds of that figure is $173,-003.98. If the Children paid $143,000.00, they were still $40,000.00 short of paying their share of the debts, expenses and taxes.

Another factor is that there were only three beneficiaries of the estate, and all income from all sources, other than the properties set aside for the children, was a part of the residuary estate. The widow was the residuary legatee and devisee. Thus it can be seen that the fourth assignment of error is without any merit.

Objectors' fifth assignment of error, even if sustained, would not change the outcome of this appeal, so we decline to consider it. Neither do we consider the proposition presented separately by the appellee.

In view of the foregoing, the Order and Judgment of the District Court affirming the Order Approving Final Account, Determination of Heirship and Decree of Distribution, is affirmed.

AFFIRMED.

REYNOLDS, P. J., and BOX, J., concur.