DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE OF CALIFORNIA.

[S. F. No. 2301.   Department One.—December 18, 1900.]

In the Matter of the Estate of THOMAS BELL, Deceased. LOUISA J. THOMPSON et al., Appellants, v. GEORGE STAACKE, Executor, etc., et al., Respondents. BANK OF CALIFORNIA, Appellant, v. GEORGE STAACKE, Executor, etc., et al., Respondents.

ESTATES OF DECEASED PERSONS—ORDERS MODIFYING FAMILY ALLOWANCE—UNDECIDED QUESTION AS TO ORIGINAL ORDER—NEW ORDERS NOT VOID.—Without deciding the question whether an order making a family allowance until further order of the court became void *ipso facto* upon the return of the inventory, or expired by limitation one year from its date by reason of the insolvency of the estate, an order, made more than three years from the date of the original allowance, modifying it, and a subsequent order of modification thereof, are not void upon their face, and may be considered as new and independent orders, within the jurisdiction of the court.

ID.—SOLVENCY OF ESTATE—RES ADJUDICATA—PAYMENTS BY EXECUTRIX—COLLATERAL ATTACK BY CREDITORS.—Each of such orders constitutes an adjudication that the estate was solvent when it was made; and where no direct attack was made upon such adjudication by appeal or motion to set it aside, it cannot be collaterally attacked by the creditors by impeaching payments made in pursuance thereof by the executor, on the ground that the estate was then insolvent, and that the court lacked jurisdiction to make the order.

APPEAL from an order of the Superior Court of the City and County of San Francisco settling an executor's account. J. V. Coffey, Judge.

CXXXI. Cal.—1                    (1)

The facts are stated in the opinion of the court.

J. F. Leicester, for Appellants.

A. N. Drown, for Appellant Louisa J. Thompson.

James M. Allen, for Appellant Bank of California.

Garret W. McEnerney, William B. Bosley, and John S. Drum, for Appellants Mary Kelly, Ellen Kelly, and Kate Blaxland.

Maurice V. Samuels, for Appellants California Safe Deposit and Trust Company and D. Samuels.

Naphtaly, Freidenrich & Ackerman, for Appellant Roos Brothers.

Sidney V. Smith, for Respondent George Staacke, Executor.

T. Z. Blakeman, for Respondent Theresa Bell.

Brewton A. Hayne, for Respondents Minor Children.

GAROUTTE, J.—Thomas Bell died testate in the city and county of San Francisco. Subsequent to the issuance of letters testamentary, and prior to the return of the inventory and appraisement, the court made an order for a family allowance of two thousand dollars per month, this allowance to continue until the further order of the court. The administration of the estate proceeded on its course, and nearly three years later two creditors filed a petition asking that the order for a family allowance previously made be modified. Theresa Bell, the widow of Thomas Bell, deceased, contested the application, and upon the hearing the original order was modified to the extent that the allowance was fixed at fifteen hundred dollars per month, commencing at that date. The administration still continuing, about three years later the order of family allowance, at the instance of the same creditors, after a hearing and contest upon the part of the widow, was again modified, being fixed upon that hearing at the amount of one hundred dollars per month. Under these various orders of family allowance more than eighty thousand dollars have been paid by the executors to the widow, and much the greater por-

tion of this amount has been allowed and settled in the accounts
rendered by the executors to the court.  But upon the hearing
of the last account rendered by the sole executor, Staacke, cred-
itors appeared and objected to those items of the account con-
sisting of various sums of money paid by the executor to the
widow under the two later orders of family allowance.  And
these creditors based their objections upon the ground that the
two aforesaid orders were void by reason of the fact that the
estate was insolvent when they were made.  At the hearing of
the account they offered evidence tending to show the insol-
vency of the estate at that time, and this evidence was rejected.
The sums paid to the widow to which objections were made
were allowed by the court, and this appeal is taken by the cred-
itors from the order settling the account.

This court will not concern itself as to whether or not the
original order for a family allowance became void *ipso facto*
either upon the return of the inventory, or expired by mere
lapse of time upon the expiration of one year from its date by
reason of insolvency coming upon the estate.  The moneys here
involved are moneys expended under the subsequent orders,
and our attention will be directed to those orders alone.  For,
if the original order was void at the time the later orders were
made, and therefore not susceptible of modification, then the
second order made was a new and independent order, and must
look to itself for sufficient strength to stand alone.

Had the court power to make the second order?  Or, bring-
ing the question directly home, upon the hearing of an ac-
count of the executor may the creditors object to the allowance
of moneys paid out under this order?  We are entirely satis-
fied the creditors cannot successfully support the contention
made.  The order is not void upon its face, and it is too late
upon the hearing of the account to show that the estate was in-
solvent when the order was made, and that therefore the court
lacked jurisdiction to make it.  Such a holding would place
executors and administrators in a sorry plight as would be fully
exemplified in this case, if these items for money paid were re-
jected from the account.  Conceding the court had no power
to make the order if the estate was insolvent, still the making
of the order in itself is an adjudication that the estate was not

insolvent. In principle, this identical question is decided by the case of *In re Welch*, 106 Cal. 430, where the court, in speaking of an order of family allowance, said: "It is asserted that this order is invalid for lack of a finding that the property exempt from execution and already set apart to the support of the widow was insufficient for the purpose. . . . . The fact that the court, after setting aside exempt property, made its order for family allowance, involved of necessity the decision that the amount originally set apart was insufficient. The order for additional allowance in itself was a declaration of that insufficiency."

The time for appeal from the order has long gone by, and the attack here made is essentially a collateral attack. The making of the order necessarily involved a determination that the estate was solvent, and it is now proposed to show upon this collateral attack that the finding of the court as to the solvency of the estate is untrue. This cannot be done. These appellants had ample opportunity to protect themselves if the estate was insolvent by directly attacking the order. If they had no notice of the hearing upon which the order was made, then, clearly, they had the right subsequently to ask the court to set it aside. Indeed, section 1466 of the Code of Civil Procedure contains no provision for notice to creditors before making an order for a family allowance. (*Leach v. Pierce*, 93 Cal. 619.) By the aforesaid section the court only has power to make an order of allowance when the amount already set apart under sections 1464 and 1465 is insufficient for the support of the widow; and appellants here, with equal legal propriety, could contest this account upon the ground that when the order was made, the court had previously set apart an amount sufficient for the support of the widow, and that therefore the order made was void. Yet the case of *In re Welch*, *supra*, holds directly to the contrary of that contention. Again, by section 1466 the court "may make such reasonable allowance out of the estate as shall be necessary for the maintenance of the family." It might with equal legal propriety be contended that the order of allowance was void, or at least void *pro tanto*, upon the ground that it was too large and that the amount was not necessary for the maintenance of the fam-

ily. Of course, the validity of an order of allowance cann'ot
be attacked collaterally upon these grounds. As far as the
validity of any particular order of allowance is concerned, it
must be held that these matters were considered and deter-
mined when the order was made, and were determined in a
way that supports the validity of the order made. The same
rule necessarily applies upon the question of the insolvency of
the estate, and it must be held that when the court made the
order or orders involved it decided that the estate was solvent.
It is said in *Burris v. Kennedy*, 108 Cal. 336: "The same pre-
sumption must now attach to decrees in probate proceedings
upon collateral attack as to judgments in cases at common law
or in equity."

There are two separate appeals in this case brought here
upon a single record. For the reasons given the order set-
tling the account of the executor, from which the appeals are
taken, is affirmed as to both appeals. .

Van Dyke, J., and McFarland, J., concurred.

Hearing in Bank denied.

Beatty, C. J., dissented from the order denying a hearing
in Bank, and filed the following opinion on the 16th of Janu-
ary, 1901:

BEATTY, C. J., dissenting.—I dissent from the order of
the court denying a rehearing.

If it is not true that "the moneys here involved are moneys
expended under the subsequent orders," as stated in the opin-
ion of the court, then this appeal cannot be properly disposed
of without deciding the question whether the first order of
allowance ceased to be operative on the filing of the inventory,
or when the estate became insolvent. I think it clear that at
least forty-seven dollars and fifty cents has been allowed in
this account for support of family in excess of the total amount
payable under the last two orders, and unless this sum is covered
by the maxim *de minimis*, the appellants were entitled to a de-
cision of the question presented by their appeal. In my opinion,
even so small a sum as forty-seven dollars and fifty cents is

not within the rule *de minimis,* especially when it appears that the future proceedings in the settlement of this estate will be embarrassed by the question raised, but not decided, upon this appeal.