[S. F. No. 3564.   Department Two.—February 3, 1904.]

In the Matter of the Estate of THOMAS BELL, Deceased. LOUISA J. THOMPSON et al., Appellants, v. TERESA BELL, Special Administratrix, etc., and Minor Children, Respondents.

ESTATES OF DECEASED PERSONS—TEMPORARY FAMILY ALLOWANCE—EFFECT OF INVENTORY—"FURTHER ORDER OF COURT."—A temporary family allowance made before the return of the inventory of the estate by the executors ceases to be operative upon such return, and is not prolonged by the words "until further order of this court," inserted in the order making the allowance.

ID.—SUBSEQUENT PAYMENTS—SETTLEMENT OF ACCOUNTS—ORDER NOT REVIVED—UNSETTLED PAYMENTS—FINAL ACCOUNT.—Payments made by the executors, which were allowed and settled in their accounts, as and for a family allowance, after return of the inventory, and prior to a subsequent order for family allowance, cannot be attacked

––––––––

[1] 60 Am. Dec. 505.

after the expiration of the time of appeal therefrom; but such settled payments could not have the effect to revive the temporary order; and unsettled payments made under such temporary order by the widow to herself as special administratrix, appointed to close up the estate, after removal of the sole surviving executor, must be disallowed in the settlement of her final account.

ID.—EX PARTE ORDERS OF COURT TO DEPOSITARY OF FUNDS.—*Ex parte* orders of the court in the nature of drafts on the custodian of the funds of the estate, authorizing the depositary to pay certain sums to Teresa Bell, the widow, after her appointment as special administratrix, "upon account of family allowance," under a mistaken belief entertained by the court that an unpaid family allowance had accrued under the order for temporary allowance, after return of the inventory, could not have the effect to justify or validate illegal payments which did not and could not so properly accrue.

ID.—CONTESTING CREDITORS NOT ESTOPPED.—The fact that certain creditors of the estate, under a mistaken belief of the continuance of the order, did not oppose the settlement of the first accounts of the executors, which included payments made after the return of the inventory, cannot estop the creditors from contesting the final accounts of the special administratrix in which she made illegal payments of family allowance to herself, the settlement of which had not before been passed upon.

ID.—ATTACK BY ADMINISTRATRIX UPON SETTLED ACCOUNT—IMPROPER EVIDENCE.—An amount paid on account of family allowance, which was settled in an account filed by the executors, and had become final and conclusive, could not be attacked by the administratrix upon the settlement of her final account; and evidence to prove that such allowance was not in fact expended for family allowance, but was paid upon certain assessments and claims against properties of the estate, and that the amount so allowed was still due and unpaid, was inadmissible to impeach the verity of the account as settled, and was improperly allowed.

APPEAL from an order of the Superior Court of the City and County of San Francisco settling the final account of a special administratrix. J. V. Coffey, Judge.

In addition to the facts stated in the opinion of the court, the record shows that the sole surviving executor of the will of Thomas Bell, deceased, was suspended March 23, 1900, and removed May 5, 1900, and that on March 23, 1900, Teresa Bell was appointed special administratrix, and rendered her final account February 10, 1902, which included payments made by her to herself since March 23, 1900, on account of family

allowances unpaid by the executors, and not settled in their
accounts, between June 17, 1893, and October 14, 1895. The
orders of court referred to in the opinion were made after
March 23, 1900.

Drown, Leicester & Drown, for Louisa Thompson et al.,
Appellants; Garret W. McEnerney, William B. Bosley, and
John S. Drum, for Mary Kelly et al., Appellants; Maurice V.
Samuels, for D. Samuels, Appellant; and James M. Allen, for
National Bank of D. O. Mills & Co., and D. O. Mills, Appel-
lants.

T. Z. Blakeman, for Teresa Bell, Special Administratrix,
Respondent.

Brewton A. Hayne, for Minor Children, Respondents.

HENSHAW, J.—This is an appeal by certain creditors of
the estate of Thomas Bell, deceased, from the order of court
settling the final account of the special administratrix of the
estate. The attack upon the account goes to the allowance to
the special administratrix of payments amounting to over
twenty thousand dollars, made to herself as widow of the
deceased upon account of family allowance.

Upon January 12, 1893, and before the return of the inven-
tory in the matter of the estate of the deceased, the court
made its order directing that the sum of two thousand dollars
per month should be paid to Teresa Bell, the widow, from the
date of the decedent's death "until further order of the
court." The inventory was returned upon June 17, 1893. On
October 14, 1895, the court made its second order "modify-
ing" the order of 1893, and directing the executors to pay the
widow on and after that date "as family allowance the sum
of fifteen hundred dollars per month, instead of the monthly
allowance of two thousand dollars theretofore ordered to be
paid." Later the court made its third order, providing that
on and after the sixteenth day of May, 1898, the sum of one
hundred dollars a month should be paid for family allowance.
All of the family allowance accruing under the last two orders
has admittedly been paid. The moneys in controversy are
payments made under the first order, sums asserted to have

accrued between the date of the return of the inventory and that of the order of 1895.

Upon the authority of *In re Lux,* 100 Cal. 593, and *Crew* v. *Pratt,* 119 Cal. 131, it is not to be disputed that the temporary order for family allowance made before the return of the inventory ceased to be operative when that return was made. The words "until the further order of this court" found in the order here under consideration did not and could not have the effect to prolong the life of the order beyond the return of the inventory. (*In re Lux,* 100 Cal. 598.)

It is contended, however, that certain considerations take this case out of the operation of the rule above laid down. Those considerations are: 1. That from the time of the return of the inventory until the date of the making of the second order the executors continued to make payments as and on account of family allowance; that those payments were duly entered in their accounts and settled by the court; that they were based upon the belief of the executors and of the court that the preliminary order for family allowance was still in effect; 2. That in its order for family allowance made in 1895 the court in terms "modified" the order of 1893, and directed the payment of fifteen hundred dollars a month "instead of the monthly allowance of two thousand dollars theretofore ordered to be paid," and that this was sufficient recognition of the continued existence of the previous order, and was sufficient authority in and of itself to authorize the payments here contested; and 3. That certain *ex parte* orders of the court in the nature of drafts upon the California Safe Deposit and Trust Company (the custodian of the funds of the estate) authorizing the depositary to pay certain sums to Teresa Bell, the widow, "for and on account of family allowance" were sufficient to justify and validate the payments here in controversy.

As to the first of these considerations it need but be said that the payments so made by the executors, charged in their accounts and allowed by the court, are not, upon this appeal, open to attack by the creditors, nor, indeed, are they attacked. But the fact that both the executors and the court mistakenly believed that there was an order for family allowance under which these payments were properly made did not and could not operate to revive the order of 1893, which had become a

nullity upon the return of the inventory. The creditors are not complaining of the payments made in the past and charged and settled in the executor's account, since the validity of those payments, by lapse of time and failure to appeal, is no longer open to question, but they may be heard on appeal as to payments subsequently made, and now for the first time presented to the court in probate for its consideration.

The same may be said as to the second proposition, the recognition in the order of 1895 of the continued existence of a family allowance under the order of 1893. The order of 1895 is an order independent of the order of 1893 (*Estate of Bell*, 131 Cal. 1), and the fact that the court in probate apparently mistook the law and believed that the order of 1893 continued in force until 1895 could not affect the legal situation. As to the third proposition, the *ex parte* orders of the court authorizing the payment of certain sums of money to the widow "upon account of family allowance" are based upon the same mistaken belief entertained by the court that an unpaid family allowance had accrued under the order of 1893. These orders, as has been said, were *ex parte* orders, but if the payments contemplated by them were illegal or improper, such payments were not validated because made under such orders. The probate court has no power to relieve an executor or administrator from liability for the funds of the estate by making *ex parte* orders directing the disposition of such funds. At the proper time, upon the settlement of the account of the executor, the legality of his disposition of every dollar of the moneys he has expended is open to attack by the parties in interest. Such orders would show the good faith of the executor in making the payments, if that were called in question, but the orders could not even be regarded as evidence tending to establish the validity and legality of the payment. It is concluded, therefore, as to each and all of the propositions advanced that they are not sufficient to justify and uphold the disputed items herein.

The fact that certain creditors of the estate themselves entertained the mistaken belief that the order of 1893 continued in force cannot operate to estop the contesting creditors who here appeal.

One other matter demands consideration. In the third annual account, as settled, a certain amount was allowed upon

account of family allowance. This allowance, and the whole acount, has become final from lapse of time and failure to appeal. Upon the hearing of the present account respondent was permitted to introduce vouchers to show that of the amount so allowed some twelve thousand dollars was expended, not in fact for family allowance, but to pay certain claims and assessments against properties of the estate, and the effect contended for by respondent is, upon the theory of the continued validity of the order of 1893, that there is some twelve thousand dollars more due her upon account of unpaid family allowance under that order. The determination heretofore reached and expressed, that the order of 1893 ceased to be operative upon the return of the inventory, disposes of all questions of unpaid amounts arising under that order, but it is proper to add that the items having been allowed and settled as and for a family allowance, and the account itself having become at the expiration of the time for appeal a final adjustment and adjudication of the matters between the parties in interest, it was improper to admit any evidence tending to impeach the verity of the account as settled.

The order appealed from is reversed, with directions to the trial court to settle the final account of the special administratrix by disallowing any and all items for payment of family allowance under the order of 1893.

McFarland, J., and Lorigan, J., concurred.

Hearing in Bank denied.