In re DOUGHERTY'S ESTATE. DOUGHERTY, Appel-
lant, v. DOUGHERTY et al., Respondents.

(No. 2,276.)

(Submitted June 7, 1906. Decided July 2, 1906.)

*Probate     Proceedings—Administrators—Accounts—Settlement
—Objections—Allowance   to   Widow—Appealable   Orders—
Record—Bills of Exceptions—Estoppel.*

Administrators—Accounts—Allowance to Widow—Modification—Appeal.
   1.  An administratrix whose account was so modified by an order of
   the district court as to strike out a portion of her allowance as
   widow of her intestate could not appeal from such order in her repre-
   sentative capacity, since as administratrix she was not aggrieved,
   the order only affecting her in her individual right.
Bills of Exceptions—Their Purpose.
   2.  The purpose of a bill of exceptions is to incorporate in authen-
   tic form, as a part of the record, proceedings on the trial, including
   rulings of the trial judge alleged to be erroneous, the objections and
   exceptions taken thereto, with the grounds thereof, which would
   not otherwise appear in the record.
Appeals—Orders—Record—Bills of Exceptions.
   3.  On appeals from orders other than those granting or refusing
   new trials, the papers used on the hearing in the trial court must be
   made a part of the record by a bill of exceptions, settled in the usual
   way, and if not so incorporated, they are not properly a part of the
   record and cannot be considered on appeal.
Probate Proceedings—Appeals—Record.
   4.  In the absence of specific provisions, in the Code of Civil Pro-
   cedure, relating to new trials and appeals in probate proceedings as
   to the contents of the record in such cases, or the mode of authenti-
   cating it, the provisions regulating bills of exceptions, statements
   and appeals in ordinary actions are applicable and, so far as may be,
   the analogies between them must govern.
Same—Appeals—Judgment-roll—Record.
   5.  While, technically, there is no judgment-roll in probate proceed-
   ings, the successive determinations of the court in the course of them,
   whenever directly or by implication declared by the statute to be
   final, must be regarded as final judgments, and the portions of the
   record upon which they are based must, on appeal, be regarded as the
   record for the particular determination.
Same—Administrators—Accounts—Settlement—Appeal—Record.
   6.  On appeal from an order of the district court settling the account
   of an administratrix, the account, the written objections thereto,
   and the findings, and order of the court, together with a certified
   copy of the notice of appeal, *held* to be the judgment-roll for the pur-
   pose of the appeal, and a sufficient record to entitle the appeal to
   consideration on its merits.

Same—Appeal—Record.

7. *Obiter:* Matters not forming part of the judgment-roll in a probate proceeding should be incorporated in a bill of exceptions or statement on motion for new trial, as the case may be, for purpose of appeal.

Same—Allowance to Widow—Notice.

8. The widow of an intestate being entitled to an allowance during the progress of settlement of the estate of decedent as a matter of right (Code Civ. Proc., secs. 2580, 2582), notice of the court's intention to make such allowance is not required.

Same—Allowance to Widow—Application—Necessity.

9. *Semble:* A widow being entitled to an allowance as a matter of right, pending the settlement of the estate of her deceased husband, it would seem that a formal application therefor is not required.

Same—Allowance to Widow—Appealable Orders.

10. An order granting an allowance to a widow out of the estate of her intestate is appealable, under Code of Civil Procedure, section 1722, as amended by Act of 1899 (Laws 1899, p. 146), and where an appeal therefrom is not taken within sixty days, it becomes final and conclusive and may not thereafter be attacked collaterally.

Same—Allowance to Widow—Modification—Mode.

11. *Obiter:* If an order making an allowance to a widow may be modified from time to time, in order to meet the changed conditions of the estate or the varying necessities of the widow, or the widow and children, a direct motion to that effect must be made, and mere objections to the account of the administratrix are not sufficient to move the discretion of the court in the matter.

Same—Allowance to Widow—For What Period.

12. Under Code of Civil Procedure, section 2582, declaring that, if an estate is not insolvent, the allowance made to the widow may continue ''during the progress of the settlement of the estate,'' the widow can claim such an allowance only for such length of time as is reasonably necessary to settle the estate.

Same—Allowance to Widow—For What Period.

13. An estate, the appraised value of which did not exceed $5,000, was ready for distribution February 6, 1904, at which time all claims against the estate had been paid, including an allowance to the widow amounting to $2,085.51. The allowance claimed by the widow up to that date amounted to $3,124.90 and on March 21, 1905, to $4,829.80. *Held,* that the court was justified in refusing to ratify any allowance after the estate was ready for distribution.

Same—Allowance to Widow—Objections—Estoppel.

14. The indulgence of persons interested in the estate of an intestate, in not compelling an administratrix to make final settlement and distribution after the expiration of a reasonable length of time in which to wind up the affairs of the estate, did not estop them to object to an allowance, claimed by her in her individual capacity as widow of her intestate, after the date when settlement should have been made.

*Appeal from District Court, Lewis and Clark County; J. M. Clements, Judge.*

PROCEEDINGS in the estate of Anthony Dougherty, deceased. From an order settling the accounts of Annie Dougherty, administratrix, to the allowance of which certain of the next of kin of the deceased who are entitled to share in the estate made various objections, and striking out certain credits on account of an allowance theretofore made to her, she appeals both as administratrix and in her individual capacity. Modified and affirmed.

*Mr. E. B. Hoffman, Mr. T. J. Walsh,* and *Mr. Lincoln Working,* for Appellant.

*Mr. John B. Clayberg, Mr. M. S. Gunn,* and *Mr. C. A. Spaulding,* for Respondents.

Mr. CHIEF JUSTICE BRANTLY delivered the opinion of the court.

These appeals are from an order of the district court of Lewis and Clark county settling and allowing an account of Annie Dougherty, administratrix of the estate of Anthony Dougherty, deceased. The death of the decedent occurred some time prior to January 7, 1902. On that date the court regularly made and entered an order allowing Annie Dougherty, the widow, $125 per month for her maintenance during the progress of administration. The estate consisted of real and personal property. On February 14th of that year, a homestead was set apart for her. On February 6, 1904, the administratrix filed her exhibit* and account. Upon a hearing thereon the account was settled without objection from anyone. It appeared therefrom that there had come into the hands of the administratrix $2,599.18 in cash; that all claims against the estate had been paid; that a balance of $2,085.61, remaining in her hands after the payment of claims, had been retained by her in payment of her allowance, and that there was then due her an unpaid balance on that account of $1,039.29. On March 22, 1905, she filed another account. From this it appeared, among other things, that the amount found in February, 1904,

to be due her on her allowance had not been paid, and that there was then due her in this behalf a balance of $2,754.19. The property then remaining in her hands consisted of real estate, yielding a small income, of an appraised value of $2,290. To the allowance of this account various objections were interposed by certain of the next of kin of the deceased who are entitled to share in the estate.

The principal matter in controversy was the validity of the order making the family allowance. It was objected that the order was void because it was made without notice, and hence that the administratrix was not entitled to credit for the amount retained by her for her allowance, nor for the amount due and unpaid as appeared from the account of February 6, 1904, nor for any amount subsequent to that date. It was also further objected that, though the order be conceded to be valid, yet it was apparent from the record of the proceedings and the condition of the estate, that the administratrix should have closed up the administration within one year from the date of her appointment, whereas, she had purposely delayed closing it up in order that she might consume the whole of the estate for the payment of her allowance, and thus exclude the next of kin from any share therein. For this reason it was argued that she should be charged with all amounts in excess of $1,500, retained in payment of her allowance or still claimed to be due during the one year.

The court struck out all credits on account of the allowance, except the item of $2,085.61, which appeared from the account of February 6, 1904, to have been already paid; ordered that no further allowance be made, and directed the administratrix to make final settlement at once. Thereupon Annie Dougherty appealed, both as administratrix, and in her own right as widow. It is alleged that the court erred in striking out the item of $1,039.29 found to be due in the account of February, 1904, and disallowing further credit in that behalf after that date.

1. It is apparent that appellant in her capacity as administratrix was not aggrieved by the order. It is a matter of no

moment to her what disposition is made of the property, so long as it is preserved for the estate, and reaches the hands of those who are entitled to it. It is only in her individual right that she may be heard to complain, for the order affects her only in this respect. Her appeal in her representative capacity is therefore dismissed.

2. The record before us consists of the account, the written objections thereto, and the findings and order, certified by the clerk as the judgment-roll, with a certified copy of the notice of appeal. The contention is made by the respondents that the order is not a final judgment, and hence that the proper record on appeal therefrom is not a judgment-roll, because there can be no such thing in probate proceedings, but an exemplification of all the papers used on the hearing in the court below in the form of a bill of exceptions; and since the record of the case is not before us in this form, the appeal may not be considered on its merits.

In *Re Estate of Tuohy,* 23 Mont. 305, 58 Pac. 722, and in *Re Kelly's Estate,* 31 Mont. 356, 78 Pac. 579, 79 Pac. 244, this court held that statutory determinations in probate proceedings termed "orders or judgments," are not final judgments so that appeals will lie from them as such under the provisions of the Code (section 1722, subd. 1, amended by Session Laws, 1899, p. 146). In these cases the court considered only the question of the appealable character of such orders, and concluded that appeals from them are authorized, if at all, under subdivision 3 of the section mentioned. Nothing is said in either of them, directly or indirectly, touching the form or contents of the record required to present appeals in this court.

The purpose of a bill of exceptions is to incorporate in authentic form, as a part of the record, proceedings on the trial, including rulings of the trial judge alleged to be erroneous, the objections and exceptions taken thereto, with the grounds thereof, which would not otherwise appear therein. Otherwise the record proper consists only of the pleadings, process, the instructions given and refused, the verdict or the findings, and

judgment. If defendant has appeared in the case the process may be omitted. Section 1737 of the Code of Civil Procedure provides: "On appeal from an order, except an order granting or refusing a new trial, the appellant must furnish the court with a copy of the notice of appeal, of the judgment or order appealed from, and of *papers* used on the hearing in the court below."

The question how the record shall be authenticated on appeals from orders other than orders granting or refusing new trials, was directly considered and settled in *Cornish* v. *Floyd-Jones*, 26 Mont. 153, 66 Pac. 838, *Rumney Land etc. Co.* v. *Detroit & Mont. C. Co.*, 19 Mont. 557, 49 Pac. 395, and *Emerson* v. *McNair*, 28 Mont. 578, 73 Pac. 121. The result of these cases is the rule that the papers used on the hearing in the trial court must be made a part of the record by a bill of exceptions, settled in the usual way, else they are not properly in the record, and cannot be considered. Of course, the record on appeals from orders granting or refusing new trials is made up under other provisions (Code Civ. Proc., secs. 1736, 1738), and what is here said has no reference to them.

Section 2921 of the Code of Civil Procedure, relating to new trials and appeals in probate proceedings, provides: "The provisions of Part II of this Code, relative to new trials and appeals, except in so far as they are inconsistent with the provisions of this Title, apply to the proceedings mentioned in this Title." Since we find no specific provision in this Part of the Code as to the contents of the record in such cases, or the mode of authenticating it, the provisions regulating bills of exceptions, statements and appeals in ordinary actions must be applied, and so far as may be, though the proceedings are conducted in a different way and the records differ in their makeup, the analogies between them must govern.

While there is no such thing, technically, as a judgment-roll in probate proceedings, the successive determinations in the course of them, whenever the statute directly or by implication declares them final, must be regarded as final judgments, and

the portions of the record upon which they are based must on appeal be regarded as the record for the particular determination. It would be idle to require that they should be authenticated by bills of exceptions in order to make them a part of the record, since they are already such. It must follow, then, that the rule announced in *Emerson* v. *McNair* and the other cases cited *supra,* can have no application.

From this point of view, considering the character of determination now before us, the record must be held to consist of the papers which we find in the transcript; and for the purpose of this appeal, these papers must be held to constitute the judgment-roll. Other matters, not forming part of the judgment-roll in such cases, would have to be incorporated in bills of exception or statements, as the case might be, following the analogies of provisions regulating records on appeals from judgments in ordinary actions. We find this to be the rule in California under identical provisions. In view of what has already been said, we think it founded upon a correct principle. (*Estate of Page,* 57 Cal. 238; *Estate of Isaacs,* 30 Cal. 106; *Miller* v. *Lux,* 100 Cal. 609, 35 Pac. 345, 639; *In re Ryer's Estate,* 110 Cal. 556, 42 Pac. 1082.) In the last case the court said: "There is no 'judgment-roll,' strictly speaking, in proceedings in probate, but whenever proceedings in probate are so akin to a civil action as to necessitate the 'papers' which are declared by section 670 (Code Civ. Proc.) to constitute the judgment-roll in a civil action, they may be held to constitute the judgment-roll referred to in section 661 (Code Civ. Proc.)." Sections 661 and 670 of the California Code of Civil Procedure are substantially the same, so far as they apply to the matter here involved, as sections 1176 and 1196 of our Code; and section 1714 of the Code of the former state is identical with section 2921 of our Code, *supra.* So section 950 of the California Code, declaring what the record on appeal from a final judgment shall be, is identical with 1736 of our Code on the same subject. The record in this case is sufficient, and the appellant is entitled to have the order reviewed on its merits.

3. The contention that the order of January 7, 1902, is void because made without notice, cannot be sustained. Under the provisions of the statute governing the subject (Code Civ. Proc., secs. 2580, 2582), the widow is entitled to an allowance as a matter of right, on grounds of public policy (Woerner on American Law of Administration, sec. 77); and no notice of the court's intention or action in the matter is required. Nor, it seems, is a formal application required. (*Leach* v. *Pierce*, 93 Cal. 624, 29 Pac. 238; *Estate of Bell*, 131 Cal. 1, 63 Pac. 81, 668.) These two sections and section 2581 go hand in hand, and when an order is made in pursuance of them, all the findings of fact necessary to support it will be presumed.

The order here involved is an appealable one (subdivision 3, section 1722, Code Civ. Proc., amended by Session Laws, 1899, p. 146), and, unless an appeal be taken therefrom within sixty days, it becomes final and conclusive, and cannot, thereafter, be attacked collaterally. (*In re Nolan's Estate*, 145 Cal. 559, 79 Pac. 428; *In re Stevens' Estate*, 83 Cal. 322, 17 Am. St. Rep. 252, 23 Pac. 379; *Estate of Bell*, 131 Cal. 1, 63 Pac. 81, 668.) Even if it be subject to modification from time to time, in the discretion of the court, to meet the changed conditions of the estate or the varying necessities of the widow or the widow and children, a question which we do not now decide, yet this must be done upon motion directly made for that purpose. It may not be done by objection to the account.

But it is urged that it appears that the widow has purposely delayed the settlement of the estate in order that she might consume the whole of it by means of her allowance. This contention presents the question: How long may the allowance continue? May it continue indefinitely? If the estate is insolvent, it continues for one year. (Code Civ. Proc., sec. 2582.) If it is not insolvent, the allowance is made to continue "during the progress of the settlement of the estate." (Id.) The policy of the law is that the affairs of estates shall be settled and the assets distributed as speedily as possible. The expression "during the progress of the settlement of the estate," then,

must be construed to mean during the time reasonably necessary for that purpose. If so, the order, though regarded as a judgment, fixing a lien upon the assets of the estate must be presumed to have been satisfied when the time shall have arrived at which the estate may be settled; else the administrator may delay action until the whole estate is consumed and nothing be left to those who are entitled to a distributive share in its assets.

We do not think the law, though it is exceedingly regardful of widows and children, deprived, as they are, of their natural supporters, contemplates any such absurd result. The facts presented in this case aptly illustrate what might be the result if the opposite view be taken. As early at least as February 6, 1904, this estate was ready for distribution. What might have been done prior to that time it is not necessary now to inquire. At that time all creditors had been satisfied and all claims against the estate had been paid, including the widow's allowance, to the amount of $2,085.61. The estate was small—of an appraised value not to exceed $5,000—and yet the allowance paid and claimed up to that date amounted to $3,124.90, and on March 21, 1905, to $4,839.80. We think the court was justified, therefore, in the view that no further allowance should be made for the time after February 6, 1904, and that the assets of the estate should not be further taxed to pay it; for it is manifest that distribution should have been made at that time.

But we think that the court erred in striking out the item of $1,039.29, the amount due on the allowance at that time. The order settling the account then filed was an appealable order. After the lapse of sixty days it became final and conclusive, and no item allowed therein could be called in question upon the settlement of a subsequent account. (Code Civ. Proc., sec. 2795; *In re Bell's Estate*, 142 Cal. 97, 75 Pac. 679.) To this extent the order is erroneous. In view of the provisions of the section last cited, the court had no power to review any former order and strike out items already adjudicated.

4. There is no merit in the contention of counsel for appellant that the respondents cannot object to the amount of the allowance claimed since February, 1904, because they could, at any time after that date, have compelled final settlement and distribution, but failed to do so. Their indulgence in the matter, however, furnishes no excuse for the neglect of the administratrix to settle the estate, when under the law she should have done so. She may not be heard to say that she should be further indulged on account of her own delays.

The matter is remanded to the district court with directions to modify the order so as to allow the item of $1,039.29, and, when so modified, it will be affirmed.

*Modified and affirmed.*

Mr. Justice Milburn and Mr. Justice Holloway concur.