[S. F. No. 4583.   In Bank.—April 3, 1908.]

In the Matter of the Estate of THOMAS BELL, Deceased. TERESA BELL, Widow, Respondent; NATIONAL BANK OF D. O. MILLS, Appellant.

ESTATES OF DECEASED PERSONS—IMPROPER CREDITS UPON FAMILY ALLOWANCE—RES ADJUDICATA—RIGHTS OF CREDITORS—APPEAL.—A creditor who, without further action, rested upon demurrer to a petition seeking credits upon a family allowance, which were contrary to the decision of this court upon a former appeal, but who has appealed from the final judgment upon a transcript identical with that appearing in S. F. No. 4582, *supra*, may avail himself of the former judgment of this court set up by other creditors, which inures to the benefit of all other creditors, as *res adjudicata;* and, since the petition demurred to has no legal existence, such creditor is entitled to a general reversal of the order appealed from, which made an improper allowance of such credits upon an intervening order adjudged by this court not to exist.

APPEAL from an order of the Superior Court of the City and County of San Francisco directing payment to the widow of a deceased person on her family allowance. J. V. Coffey, Judge. .

The facts are stated in the opinion of the court in this case, and in case No. 4582, *supra.*

James M. Allen, for Appellant.

T. Z. Blakeman, for Respondent.

THE COURT.—This is an appeal from the same judgment and order in favor of respondent for payment of family allowance as was involved in the appeal of Louisa J. Thompson et al. (S. F. No. 4582), this day decided and reversed, *ante,* p. 331, [95 Pac. 372]. Unlike that appeal, however, the present one involves the validity of an order of court overruling the joint, general demurrer to the original petition of respondent interposed by this appellant and the other creditors of the estate represented in the Thompson appeal and the order denying their motion to strike out certain parts of the petition. This appellant rested on its demurrer and motion to strike out, and after the order of court respecting them, while the other demurring creditors answered, this appellant did not in any manner further appear in the cause by answer or otherwise, except to take this appeal after the proceeding had culminated in the judgment and order awarding petitioner her claim for a family allowance. The transcript on this particular appeal is identical with the transcript in the Thompson appeal. It appears therefrom that the other creditors had answered, and during the trial of the proceeding the petition of respondent was amended and the relief thereby asked was based on allegations substantially different from those contained in the original petition and were sufficient to withstand a general demurrer. (See decision in the Thompson appeal, *supra.*)

In the Thompson appeal we held that the decision in the *Estate of Bell,* 142 Cal. 97, [75 Pac. 679], was conclusive against the right of petitioner to recover upon the cause of action stated in her amended petition. Such reversal on that ground precludes petitioner from further proceeding under the present petition as it stands, and such reversal inures to the benefit of all the creditors of the estate, as well as this appellant, as the creditors presenting the Thompson appeal. As far as the petition to which appellant demurred is concerned,

it has no further legal existence as a petition, and no possible action can be taken on it which will affect this appellant. Under these circumstances, as appellant appeals generally from the judgment and order of the court, a general reversal of the order appealed from, as far as this appellant is concerned, should be had, and it is so ordered.

Rehearing denied.