In re WILLIAMS' ESTATE.  DAVIS, Admr., et al., Appel-
LANTS, *v.* MELZNER, Admr., Respondent.

(No. 3,200.)

(Submitted April 15, 1913.  Decided May 5, 1913.)

[132 Pac. 421.]

*Executors and Administrators—Final Accounts—Settlement—
Claims Against Estate Unpaid—Advances—Payment Proper,
When.*

Executors and Administrators—Final Accounts—Not to be Approved
Until When.
    1. Where an executor or administrator has property in his hands
    available for the payment of claims outstanding against the estate
    under his control, his final account cannot be settled or approved
    until he has made an affirmative showing that they have been paid,
    or that he has exhausted the property available for such purpose.
Same—Settlement of Accounts—Conclusiveness.
    2. Orders settling the accounts of an administratrix, in which claims
    for money advanced by her for the benefit of the estate had been
    allowed, were conclusive on the estate and all persons interested
    therein not laboring under any legal disability, in the absence of an
    affirmative showing on the face of the claims that they were illegal.
Same—Advances to Estate—Payment.
    3. While an executor or administrator has no power, by making ad-
    vances to the estate, to make it his debtor regardless of the character
    or quality of his claim, such advances, made suitably and in good
    faith for its benefit, may be allowed and recovered as claims against
    the estate.
Same—Settlement of Final Accounts—Debts Remaining Unpaid—Case at
Bar.
    4. *Held,* that an order made by the district court settling and ap-
    proving the final account of an administrator was error, where it
    appeared that claims against the estate for advancements made for

its benefit, though theretofore properly allowed, remained unpaid, and there was no showing that all property available for their payment had been exhausted.

*Appeal from District Court, Silver Bow County; John B. McClernan, Judge.*

APPLICATION by A. B. Melzner, administrator *de bonis non* of Henry Williams, for the settlement of his final account, to which Andrew J. Davis and others filed objections. From an order allowing the account, objectors appeal. Reversed and remanded.

*Mr. George F. Shelton,* and *Mr. E. N. Harwood,* for Appellants, submitted a brief; *Mr. Fred. J. Furman,* of counsel, argued the cause orally.

The court had jurisdiction of the estate of Henry Williams, deceased; and the claim under consideration arose in the course of the administration of that estate by reason of the fact that a former administratrix thereof advanced and paid out of her own individual money claims and expenses allowed against that estate by decrees of the court, and died before those advancements had been reimbursed. It is not a claim against the estate of the character of a debt owing by the decedent when he died, but a demand upon the property of the estate that has been passed upon by both the administratrix and the court, and established by the court's decrees. The administrator *de bonis non* could not, under any circumstances, ask for the settlement of a final account until this indebtedness had been paid. The contest and objections of Andrew J. Davis should have been allowed, the prayer of his petition should have been granted; and the failure of the court so to do was manifest error. (See *Dodson* v. *Nevitt,* 5 Mont. 518, 6 Pac. 358; *In re Moore,* 96 Cal. 522, 31 Pac. 584; *Estate of Carpenter,* 146 Cal. 661, 80 Pac. 1072; *Munroe* v. *Holmes,* 9 Allen (Mass.), 244; *Munroe* v. *Holmes,* 13 Allen (Mass.), 109; *Foster* v. *Bailey,* 157 Mass. 160, 31 N. E. 771; *Maupin* v. *Boyd,* 5 Mo. 106; *Pettingill* v. *Pettingill,* 60 Me. 411; *Trimble* v. *James,* 40 Ark. 393; *Liddel* v. *McVickar,* 11 N. J. L. 44, 19 Am. Dec. 369.)

*Mr. Peter Breen,* for Respondent, submitted a brief and argued the cause orally.

Respondent can find no authority for the administratrix to make vast expenditures of her own money for the alleged benefit of the estate, and then later come into court with a claim against the said estate for practically two-thirds of its value because of said alleged advancements. The Code is silent as far as advances are concerned. We have examined the authorities cited by appellant, and respectfully suggest that they refer to a different state of facts than those complained of, and cite the following cases in support of our contention that the administratrix may not recover the advancements made by her: Church on New Probate Law and Practice, 1089; *First National Bank* v. *Collins,* 17 Mont. 433, 52 Am. St. Rep. 695, 43 Pac. 499; *In re Knight's Estate,* 12 Cal. 200, 73 Am. Dec. 531; *Tompkins* v. *Weeks,* 26 Cal. 50; *Elizalde* v. *Murphy,* 4 Cal. App. 114, 87 Pac. 245; *Smith* v. *Goethe,* 147 Cal. 725, 82 Pac. 384; *In re Rose's Estate,* 80 Cal. 166, 22 Pac. 86; *Willis* v. *Willis,* 9 Ala. 330; *Lyon* v. *Lyon,* 43 N. C. 201.

MR. JUSTICE HOLLOWAY delivered the opinion of the court.

On February 13, 1912, A. B. Melzner, administrator *de bonis non* of the estate of Henry Williams, deceased, presented to the district court of Silver Bow county his final account of his administration of said estate and prayed for its settlement and allowance. Due notice of the time and place for hearing such report was given, and within the time allowed A. J. Davis, as special administrator of the estate of Rachel E. Williams, deceased, and in his own right as the residuary legatee under the last will and testament of Rachel E. Williams, presented objections in writing to the allowance of such account upon the ground that certain alleged claims against the estate of Henry Williams, deceased, had not been paid. In the written objections it is set forth that from August 12, 1902, to March 3, 1907, Rachel E. Williams was the duly appointed, qualified, and act-

ing administratrix of the estate of Henry Williams, deceased; that during such period of time she made advances from her own private funds for the use and benefit of the estate of Henry Williams, deceased; that she made reports of her administration, including accounts of the funds so advanced by her, to the district court having jurisdiction of the administration of said estate; that after due notice her several reports were approved, allowed and settled, and the court thereby adjudged that the estate of Henry Williams, deceased, was indebted to the said Rachel E. Williams in sums aggregating $34,000 in round numbers; that no part of these sums has ever been paid; and that on the 3d day of March, 1907, Rachel E. Williams died intestate, without having concluded the administration of the estate of Henry Williams, deceased. It is alleged that under the terms of her will A. J. Davis became residuary legatee; that, because of delay in the probate of her will, Davis was appointed special administrator of her estate. It is further alleged that the administrator *de bonis non* in his final account has failed to report to the court the amount and character of the real or personal property in his possession, and has failed to report what, if any, funds he has available to pay the indebtedness against the estate of Henry Williams, deceased. The prayer is that the final report be not allowed; that the administrator *de bonis non* be required to set forth and exhibit the amount and character of the property in his possession as such administrator, including money belonging to the estate of Henry Williams, deceased; and that if sufficient funds are not immediately available to pay the claims alleged to be due to the estate of Rachel E. Williams, deceased, then that an order be made for the sale of sufficient personal property to satisfy such claims, and if the personal property be insufficient, that an order for the sale of sufficient of the real estate to satisfy the claims be made. On the day appointed for hearing the final account, the court heard evidence touching the ordinary receipts and disbursements of the estate, the compensation theretofore received by the administrator *de bonis non,* and the balance due to him, the employment of counsel, and the value of the services rendered, and thereupon

made and entered an order solemnly reciting that, "no exceptions or objections in writing to said account having been made or filed, * * * it is ordered and decreed that the said account be, and the same hereby is, in all respects as the same was rendered and presented for settlement, approved, allowed, and settled." From that order Davis appealed.

We are not informed as to the theory upon which the trial court proceeded in ignoring the written objections made by A. J. Davis to the final account of the administrator *de bonis non.* We are not prepared to say that the objections are sufficient to entitle them to serious consideration. While it is set forth that the several claims made by Rachel E. Williams against the estate of Henry Williams, deceased, were allowed, it is not anywhere alleged that the orders allowing them have not been vacated or set aside, or that appeals have not been taken therefrom. It is alleged that there is certain real estate in the possession of the administrator *de bonis non* belonging to the estate of Henry Williams, deceased; there is not, however, any allegation that the administrator has any personal property available for the payment of estate debts. While it is further alleged that no part of the several claims allowed to Rachel E. Williams has ever been paid, there was not any offer of proof in support of this allegation. But, independently of the objections made, the order of the trial court is indefensible.

It is very clear from sections 7661 and 7662, Revised Codes, that a final account of an administrator or executor cannot be settled or approved so long as there are outstanding claims [1] against the estate which have not been paid, if there is any property in the hands of the executor or administrator available for the payment of such claims, in whole or in part.

And it is equally apparent that it was the intention of the legislature that, before a final account be approved, the executor or administrator must show affirmatively that he has paid all outstanding claims against the estate or that he has exhausted the property available for such purpose, and in the absence of such showing his final account cannot be approved.

Assuming that there is sufficient in this record to show out-standing claims in favor of the estate of Rachel E. Williams, deceased, and that such claims have been settled and allowed in the reports which she made to the district court as [2] administratrix, in the absence of any affirmative showing upon the face of such claims that they are illegal, the orders settling those accounts became conclusive upon the estate and upon all persons interested in the estate, not laboring under any legal disability. (Sec. 7649, Rev. Codes; *In re Dougherty's Estate,* 34 Mont. 336, 86 Pac. 38.)

While it is not within the power of an executor or administra-[3] tor by advances made by him to the estate to thereby make the estate his debtor regardless of the character or quality of his claim, yet it is equally well settled that such advances, made suitably and in good faith for the benefit of the estate, may be allowed and recovered as claims against the estate. (18 Cyc. 443.)

Our attention is directed to the following language employed by this court in *Dodson* v. *Nevitt,* 5 Mont. 518, 6 Pac. 358: "Claims against the estate are those in existence at the date of the death of the deceased. Other claims against an estate are those incurred by the administrator or executor in settling the estate, and are properly denominated expenses of administration." It is now insisted that by this classification a claim for advances made to an estate cannot be considered a claim against the estate; but the language above quoted is to be understood in the light of the question before the court for determination at that time. The point at issue was whether or not a claim for services performed at the instance and request of an executor of an estate constituted a claim against the estate. The court held that it did not; that, if anything, it was an item in the expense of administration of the estate. If the language quoted be accepted literally, it would preclude a claim for funeral expenses; but the statute in force at the time the decision above was rendered (sec. 273, Second Div., Rev. Stats. 1879) particularly recognized a claim for funeral expenses as a claim against an estate.

It is no argument to say that a claim for advances should not be allowed, since the administrator would be placed in the situation of passing upon his own claim. Section 7542, Revised Codes, specifically recognizes the fact that an executor or administrator may be a creditor of an estate, and provides the method of allowing such a claim.

In making the several orders approving the advancements made by Rachel E. Williams, we must indulge the presumption [4] that the district court performed its official duties and made due inquiry as to the character of the advancements and the purposes for which they were made, and that before allowing them the court determined that they were for the use and benefit of the estate and properly chargeable against it. Indulging this presumption, the orders allowing those several claims became conclusive, and, before the final report of the administrator *de bonis non* could be approved, it was incumbent upon him to show that those claims had been paid or that all available property for their payment had been exhausted. The prayer of the objector should have been granted.

The order of the district court is reversed and the cause is remanded for further proceedings.

*Reversed and remanded.*

MR. CHIEF JUSTICE BRANTLY and MR. JUSTICE SANNER concur.