### SALTER v. CONTINENTAL CASUALTY CO.

No. 30847. Nov. 9, 1943.

Rehearing Denied March 21, 1944.

*146 P. 2d 824.*

Elam & Crowley and Bernice Berry, all of Enid, for plaintiff in error.

Donald F. McMahon, of Tulsa, and H. H. McKeever, of Enid, for defendant in error.

BAYLESS, J. Ida Roland, the widow and the administratrix of the estate of Dudley D. Roland, deceased, filed her final account and petition for determination of heirship and distribution of the estate in 1940; and the surety on her bond appealed to the district court of Garfield county from the order of the county court; and Park E. Salter, a creditor of the estate, appeals from the judgment of the district court of Garfield county with respect to the matters involved in the appeal from the county court.

The decedent died intestate in 1932, leaving two parcels of real estate and certain personal property. In 1932, his widow was appointed administratrix and made bond for $1,000. On April 7, 1932, she gave notice to creditors to present their claims against the estate. On August 13, 1932, an inventory and appraisement was filed, which related to real estate only of an appraised value of $828. In 1932, within the period stated in the notice to creditors, three claims were presented to the administratrix and allowed by her. These totaled more than $2,800. These claims were found in the files of the proceedings, bearing the mark of the court clerk indicating they were filed on the dates they were allowed by the administratrix. When these matters came on to be heard in 1941, these claims were observed by the county judge not to bear the endorsement of having been theretofore presented and allowed by the county judge, and the county judge thereupon on his own motion on March 1, 1941, endorsed these claims as presented and allowed on that date.

Within a few days after her appointment, the administratrix petitioned for

and was made a widow's allowance, the order therefor reading in part as follows:

"That letters of Administration were issued to Ida Roland on the 5th day of April, 1932 as Administratrix of said estate. That there is no income from said estate except the sum of $33.50 per month and that said Petitioner is without means to support herself and household during the probation of said estate.

"It is therefore by this court ordered that said Ida Roland, wife of the deceased, be granted $50.00 per month as her Widow's allowance and that she, as Administratrix of said estate be, and she is hereby ordered to pay to herself individually the sum above named, to be taken out of any money coming into her hands from month to month as administratrix until said estate is finally closed."

Three issues are presented on appeal, one relating to the validity of the order of the county judge made in 1941, allowing the claims against the estate; the second relating to the correctness of the district court's ruling that the order for the widow's allowance was a valid and subsisting order at the time of the proceedings to close the estate; and the third complaining of the district court's refusal to consider whether an additional shortage should be charged to the widow.

Upon consideration of the first issue argued, we do not find that this issue is presented by the plaintiff in error but is raised by the defendant in error. We do not find that the defendant in error has filed a cross-petition in error in this case, and for this reason it is not entitled to present and argue the alleged error involved in the county judge undertaking to allow these claims nine years after they were presented by the administratrix, allowed by her and filed in the office of the court clerk.

With respect to the third issue presented, we have examined the record and are forced to say that we are unable to determine upon what basis the plaintiff in error asserts that the administratrix should be charged with an additional $120. The argument made in his brief is simply "that the undisputed and uncontradicted evidence at the close of all evidence in the trial in the district court discloses conclusively that there was actually such additional shortage." We have read the remarks of the attorneys in the argument to the court on this matter, and find no facts stated there that aid us on the determination of this point. Plaintiff in error asserts that one is unable to determine from the court's remarks and from the journal entry whether the trial court found as a matter of fact there was no such shortage or that it was an issue which he was not authorized to consider on the appeal. The court said in one place: "Now, gentlemen, the figures of the county judge haven't been examined closely by me; but I presume that, under these finds, you can redraft this?" And again: "I did not add those amounts up. I took it for granted that the amounts were the same." And again: "Well, I am only reversing the judgment of the county court insofar as the allowance is concerned. Otherwise, it will be affirmed. I do not recall any other itemization involved." According to remarks made by the district judge and considering their logical significance, we are of the opinion that the trial court approved the itemization of the county court and allowances based thereon, and this had the effect of denying plaintiff in error's contention that an additional $120 should be allowed. Under the state of the record and the argument set out in the plaintiff in error's brief, we are unable to say that this is erroneous.

This brings us to the second issue relating to the validity of the widow's allowance as of the date of the hearing of the final account and petition in the county court. In short, it is the argument of the plaintiff in error that it was apparent from the records in the proceedings within one year from the institution thereof that the estate was insolvent, and this being so, 58 O. S. 1941 § 314 limited the period of the widow's allowance to one year, and that the language in the order allowing the widow's

allowance "until said estate is finally closed" was not effectual to extend the order beyond the one year limited in the statute. This court has not passed on the issue of whether an order for a widow's allowance made to run during the pendency of the proceedings and at a time when the claims cannot be compared with the assets of the estate as reflected by the inventory and appraisement to determine whether the estate is solvent or insolvent, is ipso facto limited to the time provided in the statute, supra, when the record at any later time does disclose that the estate is insolvent.

The decisions from this and other states are not based on fact situations sufficiently like the one before us to render them entirely analogous. Enough law can be gathered from these decisions to support well considered rules that permit us to judge the facts of the present record. Thompson v. Staacke, 131 Cal. 1, 63 P. 81; Dougherty's Estate, 34 Mont. 336, 86 P. 38; In re Treat's Estate, 162 Cal. 250, 121 P. 1003; In re Cary's Estate, 177 Okla. 259, 58 P. 2d 533, and other decisions cited and quoted from these decisions.

All of these decisions agree: (1) That an order for a widow's allowance may be made without notice unless notice is expressly required by statute; (2) that such orders, when silent on the subject, import solvency of the estate; (3) appeals lie from the order so made or from orders refusing to vacate or modify; and (4) such orders are final and operate until vacated or modified, unless they expire by their own terms at a time provided.

In three of the cases limits were applied that are contrary in some respects to factor number (4) just stated. In Re Treat's Estate, supra, the order for the allowance was silent as to how long it ran. It was held that such an order was governed by two implied limits: (1) to the reasonable time necessary to close the estate, and (2) in event of insolvency, one year by statute. It was further held that where several years had passed and monthly installments had matured and accrued for lack of money to pay them, evidence might be taken on the issue of insolvency and the accrued installments limited after the date when insolvency supervened. We observe that some relaxation of this rule was made in Re Nelson's Estate, 167 Cal. 321, 139 P. 692, but different facts contribute somewhat to this. In the Montana cases, Dougherty's Estate, supra; and In re Eakin's Estate, 64 Mont. 84, 208 P. 956, the rule is stated that a reasonable time to close the administration proceedings is a definite factor, and that matured and unpaid installments subsequent to that time may be limited.

Our own decisions do not apply the Montana rule and are to the effect that such orders stand until modified (In re Buchanan's Estate, 130 Okla. 148, 265 P. 1056), or unless there is fraudulent delay in closing the estate (In re Foreman's Estate, 59 Okla. 1, 157 P. 279), or where such orders contain their own limitation as in Re Cary's Estate, supra. We think a reading of all these decisions indicates a policy of reliance on hindsight rather than diligence. While an order cannot be made to last longer than one year when the estate is shown to be insolvent, section 314, supra, this factor seldom appears with certainty in the usual course of administration until all claims are filed and are properly classified as ultimate demands against the estate and the probable total thereof compared with the assets as legally appraised. Or again, upon earlier comparison solvency may be indicated and insolvency thereafter come about by later events, Thompson v. Staacke, supra. In several of the cases it appeared that insolvency existed when the total of the unpaid widow's allowance was considered in connection with other claims. We are of the opinion it would be an uncertain and nonjudicial rule that would permit a final order to be limited automatically by an occurrence that the parties were indifferent to show until later dates. The creditors or others interested ought to be diligent to protect their rights against the making of such orders or the continuance thereof

by order of what is proper under the statute or the facts.

The wisdom of these observances is apparent when the facts in this case are considered. These claims were duly presented to the administratrix and allowed by her. But they were not presented to the county judge for about nine years or, if they were presented earlier, no diligence was used to see if they were allowed by the county judge, 58 O. S. 1941 § 337 (Hamilton v. Browder, 176 Okla. 229, 54 P. 2d 1025), or to have them filed and listed as claims against the estate as provided in 58 O. S. 1941 § 338. Thus, until about March 1, 1941, there were never any legally established claims against this estate from which it could be determined whether insolvency existed. Different parties owned some of these claims at different times, and any one of them was free at any time to take steps to have the order for the widow's allowance modified or vacated.

The judgment is affirmed.

CORN, C.J., GIBSON, V.C.J., and OSBORN, WELCH, and ARNOLD, JJ., concur. RILEY and HURST, JJ., dissent on rehearing. DAVISON, J., absent.

### On Rehearing.

HURST, J. (dissenting). The question here is one of interpretation of an order for a widow's allowance in a case where the estate was at all times insolvent. The order was made ex parte two days after the widow was appointed administratrix, and before the inventory and appraisement was filed and any claims were presented. The order is silent on the question of solvency or insolvency of the estate. Does the fact that the order recites that the allowance shall be paid monthly "until the estate is finally closed" constitute an implied finding and adjudication that the estate was solvent? I think not. It is more reasonable to say that the statutory restriction that, in the case of an insolvent estate, the allowance "must not be longer than one year after granting letters" of administration will be implied in the order. While I find no case squarely in point, the reasoning of the California court in Re Treat's Estate, 162 Cal. 250, 121 P. 1003, where the ex parte order was silent as to how long the allowance should be paid, is pertinent. In 34 C. J. 502, it is said that:

"When a judgment is susceptible of two interpretations, that one will be adopted which renders it the more reasonable, effective and conclusive, and which makes the judgment harmonize with the facts and the law of the case and be such as ought to have been rendered."

It is my view that where an order is made under a particular statute containing qualifications and limitations, the qualifications and limitations should be treated as a part of, and implied in, the order unless the language used clearly excludes such construction.

The interpretation of the order that I think should be given would carry out the letter and spirit of the statute (58 O. S. 1941 § 314), while the interpretation placed upon it in the majority opinion defeats the intention of the Legislature.

While it is true that the creditor could have forced the issue at the end of a year, I know of no rule of law that now estops him from asserting his rights in this statutory proceeding by reason of his failure to do so. See In re Dougherty's Estate, 34 Mont. 336, 86 P. 38.

For the foregoing reasons, I respectfully dissent.

RILEY, J., concurs in this dissent.